**BUY–4–LESS DRUG SYSTEM, INC., a corporation, et al., Plaintiffs,**

v.

**The AMERICAN DISTILLING COMPANY, a corporation, et al., Defendants.**

**Civ. A. No. 6464.**

United States District Court
D. Colorado.

April 26, 1962.

Creamer & Creamer, and Harold J. Spitzer, Denver, Colo., for plaintiffs.

Hodges, Silverstein, Hodges & Harrington, Denver, Colo., for defendant National Distillers & Chemical Corp.

Tull, Hays & Thompson, Denver, Colo., for defendant Canada Dry Corp.

McComb, Zarlengo & Mott, Denver, Colo., for defendant Western Distributing Co.

Holme, Roberts, More & Owen, Denver, Colo., for defendant James B. Beam Distilling Co.

Rothgerber, Appel & Powers, Denver, Colo., for defendant Garrett & Co., Inc.

Edison & Berman, Denver, Colo., for defendant The American Distilling Co.

Winner, Berge & Martin, Denver, Colo., for defendant Mogen David Wine Corp.

ARRAJ, Chief Judge.

This matter is before the Court for determination of the following question:

"Is the obtaining of a wholesale liquor license from the State of Colo-

rado, pursuant to CRS (1953) 75–2–18, in itself 'licensed to do business' within the meaning of 28 U.S.C. 1391 (c) or 'transacting business' as contemplated by Section 12 of the Clayton Act (15 U.S.C. 22) ?"

The question arises in connection with Motions to Dismiss for Lack of Jurisdiction which were filed by several of the defendants. Arguments were heard by the Court on April 12, 1962, and since that date the Court has had the matter under advisement.

 The Court has reached the conclusion that the question must be answered in the negative. The phrase "licensed to do business" pertains to a foreign corporation's compliance with the rules and regulations of a State in order that it may have the privilege of transacting business therein; Jacobson v. Indianapolis Power & Light Company, D.C. N.D.Ind.1958, 163 F.Supp. 218. CRS 75–2–18, however, applies to all wholesalers, whether residents or non-residents, and it contains no specific provisions with respect to foreign corporations which seek permission to engage in the activities described in the statute. It seems, therefore, that Congress did not contemplate such licenses, which are unrelated to any privilege granted a foreign corporation as such, when it enacted 1391(c). This view appears to be supported by the reference in 1391(c) to "residence" which, in turn, seems to contemplate a substantial contact such as the appointment of an agent for service of process (e. g., CRS Supp. 31–35–1, 17, 19).

On the other hand, possession of a Colorado wholesale liquor license by a nonresident corporation appears to be the grant of a privilege to do acts which, when performed either in whole or in part, may constitute some of the factors for consideration in determining whether there is "transacting business" within the meaning of Section 12 of the Clayton Act. However, merely holding the license, in itself, cannot be said to qualify as a "practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character'." United States v. Scophony Corporation of America, 333 U.S. 795, 68 S. Ct. 855, 862, 92 L.Ed. 1091 (1948).

 It is, therefore, Ordered and Decreed that possession of a wholesale liquor license pursuant to CRS 75–2–18, standing alone, is insufficient to justify the assertion of jurisdiction over these nonresident corporate defendants under either 28 U.S.C. § 1391(c) or 15 U.S.C. § 22; and

It is further Ordered that additional evidence will be received by the Court with respect to the activities of such defendants within the District of Colorado.